**Order filed October 20, 2022**



### In The

# Eleventh Court of Appeals

_____

## Nos. 11-22-00039-CR & 11-22-00040-CR

_____

## JOEL LUNA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause Nos. A-18-1666-CR & A-18-1665-CR**

### O R D E R

The jury convicted Appellant, Joel Luna, of two offenses: (1) aggravated assault with a deadly weapon, which caused serious bodily injury to a family member—Appellant's wife, and (2) capital murder—for the death of Appellant's wife's unborn child. *See* TEX. PENAL CODE ANN. §§ 22.02(b)(1), 19.03(a)(8) (West Supp. 2022). For the aggravated assault, the jury assessed Appellant's punishment at imprisonment for thirty-six years and a fine of $10,000. For the capital murder,

the trial court assessed Appellant's punishment at imprisonment for life without parole. *See id.* § 12.31(a)(2) (West 2019). We abate these appeals.

In each appeal, Appellant's court-appointed counsel has filed a motion to withdraw. Each motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that the appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the briefs, a copy of the motions to withdraw, and a copy of the clerk's records and the reporter's record. Counsel advised Appellant of his right to review the record in each case and to file a response to counsel's brief. Counsel also advised Appellant of his right to file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. *See* TEX. R. APP. P. 68. It appears that court-appointed counsel has attempted to comply with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant filed a short pro se response to counsel's *Anders* brief in each appeal. In addressing an *Anders* brief and a pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record in each appeal, and we disagree with court-appointed counsel's conclusion that the appeals are frivolous. We are of the opinion that there are arguable grounds for an appeal. In this regard, an appeal arising from

a contested trial on guilt/innocence is not readily amenable to disposition under *Anders*.

Accordingly, we grant counsel's motions to withdraw, abate these proceedings, and remand the causes to the trial court for the appointment of new appellate counsel. *See Bledsoe*, 178 S.W.3d at 826–27. We direct the trial court to appoint new counsel to represent Appellant in these appeals. The trial court shall furnish the name, address, telephone number, and state bar number of new counsel in its order appointing new counsel. The order in each cause shall be included in a supplemental clerk's record, which shall be filed with the clerk of this court on or before November 4, 2022. Appellant's briefs are due to be filed in this court thirty days from the date of the trial court's appointment of new counsel. All other appellate deadlines shall be in accordance with the Texas Rules of Appellate Procedure.

Counsel's motions to withdraw are granted; the appeals are abated; and the causes are remanded to the trial court in accordance with this order.

PER CURIAM

October 20, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.